UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN R. BALKO,

      Petitioner,

-vs-                Case No. 8:08-cv-1566-T-17TBM

SECRETARY, DEPT. OF CORRECTIONS,

      Respondent.
_____/

## **ORDER**

    Before this Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by KEVIN R. BALKO (Balko), a Florida prisoner. The petition attacks Balko's convictions for two counts of attempted sexual battery and two counts of lewd and lascivious molestation rendered in the Sixth Judicial Circuit in Pinellas County, Florida, in state circuit case number 17290CFANO. A review of the record demonstrates that, for the following reasons, the petition must be denied.

PROCEDURAL HISTORY

  On October 20, 2003, the State filed a felony information charging Balko with two counts of sexual battery and two counts of lewd or lascivious molestation. On July 19, 2004, the State amended the information to charge Balko with two counts of attempted sexual battery along with two counts of lewd and lascivious molestation. (Exhibit 1). On July 19, 2004, Balko appeared before the Honorable Raymond Gross, Circuit Judge, to change his plea to guilty. (Exhibit 2). The plea was based on a negotiated written agreement. (Exhibit 3). Attorney David Levy, Esquire represented Balko. On that same date, the court sentenced Balko to twenty years

in prison on the two attempted sexual battery counts, with the sentences to run consecutively, and twenty years on the lewd and lascivious counts to run concurrently with count one. (Exhibit 4).

Balko did not pursue a direct appeal. On January 7, 2005, Balko filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Exhibit 5). The trial court rendered an order dismissing the motion on February 15, 2005. (Exhibit 6). Balko did not appeal the adverse ruling.

On March 17, 2005, Balko filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 7). This motion contained seventeen grounds for relief. On April 14, 2005, the state trial court issued an order dismissing or denying eight claims, and directed the State to respond to the remaining nine claims. (Exhibit 8). The State filed its response on May 26, 2005. (Exhibit 9). In an order filed June 3, 2005, the state trial court summarily denied the nine remaining claims. (Exhibit 10).

Balko appealed the adverse rulings. On January 1, 2006, in Case No. 2D05-3457, the Second District Court of Appeal filed a per curiam silent opinion affirming the orders denying the motion for postconviction relief. (Exhibit 11). *Balko v. State*, 923 So. 2d 1168 (Fla. 2d DCA 2006)[table]. The mandate was filed on April 3, 2006. (Exhibit 12).

On May 31, 2005, while the first motion was still pending, Balko filed another Rule 3.850 motion alleging trial counsel was ineffective for failing to properly investigate that Balko could have been under the influence of a medication when he confessed to the crimes. (Exhibit 13). On February 13, 2006, the state trial court issued an order denying the second motion, treating the claim as an allegation that counsel should have investigated whether Balko could have

in prison on the two attempted sexual battery counts, with the sentences to run consecutively, and twenty years on the lewd and lascivious counts to run concurrently with count one. (Exhibit 4).

Balko did not pursue a direct appeal. On January 7, 2005, Balko filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Exhibit 5). The trial court rendered an order dismissing the motion on February 15, 2005. (Exhibit 6). Balko did not appeal the adverse ruling.

On March 17, 2005, Balko filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 7). This motion contained seventeen grounds for relief. On April 14, 2005, the state trial court issued an order dismissing or denying eight claims, and directed the State to respond to the remaining nine claims. (Exhibit 8). The State filed its response on May 26, 2005. (Exhibit 9). In an order filed June 3, 2005, the state trial court summarily denied the nine remaining claims. (Exhibit 10).

Balko appealed the adverse rulings. On January 1, 2006, in Case No. 2D05-3457, the Second District Court of Appeal filed a per curiam silent opinion affirming the orders denying the motion for postconviction relief. (Exhibit 11). *Balko v. State*, 923 So. 2d 1168 (Fla. 2d DCA 2006)[table]. The mandate was filed on April 3, 2006. (Exhibit 12).

On May 31, 2005, while the first motion was still pending, Balko filed another Rule 3.850 motion alleging trial counsel was ineffective for failing to properly investigate that Balko could have been under the influence of a medication when he confessed to the crimes. (Exhibit 13). On February 13, 2006, the state trial court issued an order denying the second motion, treating the claim as an allegation that counsel should have investigated whether Balko could have

been under the influence of a medication at the time he entered his plea. (Exhibit 14). The court denied the motion as successive and, alternatively, as conclusively refuted by the record.

Balko appealed. On August 4, 2006, in Case No. 2D06-1324, the state appellate court filed a written opinion affirming the trial court's denial of the second Rule 3.850 motion. (Exhibit 15). *Balko v. State*, 934 So. 2d 662 (Fla. 2d DCA 2006). The appellate court held that although the state trial court was confused about the exact allegations in Balko's handwritten motion, the lower court correctly decided that the motion was successive and facially insufficient. The state district court of appeal issued its mandate on August 25, 2006. (Exhibit 16).

On September 30, 2005, while the first motion for postconviction relief was still pending, Balko filed another Rule 3.850 motion. (Exhibit 17). He filed yet another motion on October 31, 2005. (Exhibit 18). On November 29, 2005, the state trial court issued an order denying both motions. (Exhibit 19). It appears Balko did not appeal this adverse ruling.

On November 30, 2006, Balko filed a petition to invoke all writs jurisdiction in the Second District Court of Appeal. (Exhibit 20). On November 30, 2006, in Case No. 2D06-5456, the state district court of appeal filed an order denying the petition without discussion. (Exhibit 21). *Balko v. State*, 946 So. 2d 19 (Fla. 2d DCA 2006)[table].

On February 28, 2007, Balko filed a petition to invoke all writs jurisdiction in the state trial court. (Exhibit 22). The state trial court denied the petition on March 29, 2007. (Exhibit 23). Balko filed a notice of appeal. (Exhibit 24). He filed a pro se initial brief, but the State was not required to file an answer brief and did not do so. (Exhibit 25). On March 7, 2008, in Case No. 2D07- 2968, the state district court of appeal filed a per curiam unwritten opinion affirming the trial court's denial of relief. (Exhibit 26). *Balko v. State*, 975 So. 2d 1141 (Fla. 2d DCA 2007)[table]. The mandate was issued on March 28, 2008. (Exhibit 27).     On July 12, 2006,

Balko filed a § 2254 petition for writ of habeas corpus in this Court, in Case No. 8:06-cv-1334-T-17MAP. Because there was a pending collateral proceeding in the state court at the time Balko filed the federal petition, this Court rendered an order dismissing the action without prejudice for lack of exhaustion on July 21, 2006. Judgment was entered against Balko on July 24, 2006. Balko did not appeal the order of dismissal.

## STANDARDS OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## THE PRESENT PETITION

Balko delivered the § 2254 petition to prison officials for mailing on August 6, 2008. The petition contains one ground for relief: Whether the state court incorrectly applied its own procedural default law in denying Petitioner's postconviction motion.

## THE PETITION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Pursuant to 28 U.S.C. § 2244(d), a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. Ordinarily, a plea-based judgment in Florida becomes final thirty days later where, as here, the defendant does not prosecute a timely appeal. *See McGee v. State*, 684 So. 2d 241 (Fla. 2d DCA 1996) (treating judgment and sentence upon entry of plea as final when time for filing appeal expired); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988)(same). In this case, Balko's plea-based judgment became final on August 19, 2004, thirty (30) days after entry of the plea and sentencing on July 19, 2004. Accordingly, absent any tolling applications in the state court, Balko had until August 19, 2005, to file his federal petition.

Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Although Balko filed several postconviction applications in the state trial and appellate courts, even assuming arguendo that the applications were timely and properly filed, the periods during which no properly filed  7 of 17 applications were pending cumulatively total more than one year. This conclusion is based on the following calculations.[1] The time that elapsed between finality of judgment on August 19, 2004, and the filing of the motion to correct illegal sentence on January 7, 2005, is 141 days. Thereafter, several postconviction proceedings overlapped, and the federal one year period was tolled until August 25, 2006, when the mandate issued in Case No. 2D06-1324, the appeal from the denial of Balko's second motion for postconviction relief. Between August 25, 2006, and November 30, 2006, when Balko filed his petition to invoke all writs jurisdiction in the Second District Court of Appeal in Case No. 2D06-5456, 97 more days of untolled time elapsed. The petition was denied on January 4, 2007, and the limitations period began running again. Thereafter, 55 additional days passed without a pending collateral application until Balko filed his petition to invoke all writs jurisdiction in the state trial court on February 28, 2007. That proceeding was pending until March 28, 2008, when the mandate in the appeal from the trial court's order denying relief was issued, and 131 more days passed until Balko filed the instant federal petition on August 6, 2008. Accordingly, the total number of days during which no properly filed application for

---

[1] The time the earlier federal petition was pending in this Court was not included in these calculations, because such proceeding does not toll the limitations period. See *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001)(an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2), and therefore did not toll the limitation period).

collateral relief was pending in the state courts is 424 days (141 + 97 + 55 + 131 = 424), and the federal petition was filed almost two months (59 days) too late.

## Equitable Tolling

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). In the instant case, Balko has neither argued nor shown that there are any extraordinary circumstances that are both beyond his control and unavoidable with diligence, and therefore he is not entitled to equitable tolling.

Even if the petition were timely, Balko fails to raise a claim for which federal habeas corpus relief can be granted. A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). A state's interpretation of its own rules or statutes does not raise a federal constitutional issue. *Wainwright v. Goode*, 464 U.S. 78 (1983), *reh'g denied*, 465 U.S. 78 (1984). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *See Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

In this case, where the state court's treatment of a Rule 3.850 motion is at issue, it is especially true that no federal question is involved. It is well-established that a writ of habeas

corpus only extends to custody and detention. *See Spradley v. Dugger*, 825 F2d 1566, 1568 (11th Cir. 1987). Federal habeas relief does not extend to collateral or ancillary forms of administrative relief. *Id. See also Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999) (finding that "errors in state post-conviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief'); *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990) ("Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding"), *cert. denied*, 495 U.S. 936 (1990); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989), *cert. denied sub nom.*, Franzen v. Deeds, 493 U.S. 1012 (1989); *Hopkinson v. Shillinger*, 866 F.2d 1185, 1219-20 (10th Cir. 1989), *cert. denied.* 497 U.S. 1010 (1990); *Bryant v. Maryland*, 848 F.2d 492,493 (4th Cir. 1988) ("claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"); *Kirby v. Dutton,* 794 F.2d 245, 247-48 (6th Cir. 1986).

Errors or defects in state post-conviction proceedings do not render a prisoner's detention unlawful or raise constitutional questions cognizable in federal habeas corpus proceedings. "Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself." *Williams v. Missouri*, 640 F.2d 140, 143-44 (8th Cir. 1991). *See also Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 534 U.S. 1001 (2001) (citing *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995)). Because Balko's claim goes to issues unrelated to the cause of his detention, they do not state a basis for federal habeas relief. *See Tijerina v. Estelle*, 692 F.2d 3, 5-6 n. 1 (5th Cir. 1982); *Pierre v. United States*, 525 F.2d 933, 935-36 (5th

Cir. 1976). Therefore, this Court lacks jurisdiction to consider the sole claim raised in the petition and the petition must be dismissed.

Balko's underlying claim, that counsel was ineffective for failing to investigate whether Balko may have been under the influence of medication at the time he confessed to the crimes, must be denied as the claim is barred by entry of Balko's voluntary guilty plea. It is well-established state and federal law that guilty or nolo contendere pleas waive all but jurisdictional claims up to the time of the plea. *See United States v. Broce*, 488 U.S. 563 (1989)(when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973)(holding that a guilty plea represents a break in the chain of events that preceded it in the criminal process); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir. 1991); *Boykin v. Alabama,* 395 U.S. 238, 243 (1969)(finding a plea of guilty is a waiver of several constitutional rights, including the Fifth Amendment privilege against self-incrimination and the Sixth Amendment right to insist on a jury trial).

The waiver by plea includes claims of ineffective assistance which, as here, do not implicate the validity of the plea. *See Wilson v. United States,* 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Matthew v. Johnson*, 201 F. 3d 353, 364 (5th Cir. 2000) (noting longstanding rule that valid guilty plea bars habeas review of non-jurisdictional claims alleging antecedent violations of constitutional rights). By entering a voluntary guilty or no contest plea, a defendant relinquishes the right to a jury trial, to assistance of counsel, to raise a defense, and to confront his or her accusers. *See Boykin*, 395 U.S. at 242-44; *Broce*, 488 U.S. at 573 (1989) (relinquishment derived not from inquiry into defendant's subjective

understanding of range of potential defenses, but from admissions necessarily made upon entry of voluntary guilty plea).

Furthermore, Petitioner submitted, as an exhibit, a December 1, 2004 letter from his retained counsel, David Levy which states, in part:

> As concerns your request for your medical records for the outpatient procedure you had at Bayfront, the day prior to your interview with the Detectives, those are records that you would need to obtain directly from the Hospital. I might suggest that you send them a notarized letter telling them what you want and the day of the procedure. There may be a charge for the records though. You indicate that you do not remember saying the exact words that are on the tape recording and if your inclination is to try to persuade someone that the effects of the sedative from the procedure some 24-36 hours earlier would render that confession inadmissable, I am doubtful that you would be successful. We investigated that possibility not only from a legal standpoint but also a medical one. I could find no medical support for the proposition that you would still be under the effects of the anesthesia after that period of time. Remember, the day following the procedure you started a new job. After finishing the day, you chose to call the police and request an opportunity to speak with them in advance of the date previously selected. Also, your answers on the tape are extremely detailed and lucid. From a legal standpoint, the admissibility of your confession would be judged by a totality of the circumstances and those circumstances in my opinion would not present any basis to suppress the statement.
>
> I do not want to comment in this letter concerning statements that you told me in confidence during my representation of you which I believe were a significant factor in your decision to forego a trial and accept the State's offer. . . .

Appendix I to Petition

Petitioner Balko complains trial counsel's preplea performance or errors relating to the trial. By entry of his voluntary guilty plea, Balko relinquished any right he may have had to challenge the effectiveness of counsel or errors in the trial proceedings regarding alleged antecedent violations of constitutional rights.

Finally, even if Balko could overcome the two procedural hurdles mentioned above, his allegation that the state court incorrectly applied its own procedural default law in denying

-10-

Balko's postconviction motion is clearly without merit. On appeal from the order denying Balko's second motion for postconviction relief, the Second District Court of Appeal held in pertinent part as follows:

> Mr. Balko filed this motion in June 2005, alleging that his counsel was ineffective because he failed to properly investigate Mr. Balko's assertion that he "may" have been under the influence of a drug at the time he confessed to these crimes on September 30, 2003. His allegations are somewhat confusing, but coupled with the attachments to his motion it appears that Mr. Balko had been admitted to the Suncoast Endoscopy Center for an outpatient procedure on September 29, 2003, the day before his confession. Prior to the procedure, he was anesthetized with a drug identified as "Versed," a brand-name for a drug generically referred to as midazolam. Mr. Balko does not allege that he told his lawyer about the outpatient surgery or that his lawyer had any reason to know that he had received medication on the day preceding his confession.
>
> Mr. Balko does not allege that he was actually impaired by the medication at the time of his confession. Nothing in the medical literature that he attaches to his motion would suggest that the drug's effects had not worn off long before his interview with the police.
>
> The trial court denied the motion as both successive and facially insufficient. The trial court attached several orders denying earlier motions under rule 3.850 to its order. Mr. Balko argues that his motion should be considered because he did not discover evidence concerning the exact drug used as anesthesia until recently. Two of the earlier motions, however, were filed after he received the information on the effects of Versed. Moreover, there is no question that Mr. Balko knew, even before his confession, that he had had the surgical procedure involving anesthesia on the preceding day. Mr. Balko has established no basis requiring the trial court to accept this successive motion. *See Collins v. State*, 855 So. 2d 1160, 1162 (Fla. 1st DCA 2003).
>
> Even if the motion were not successive, it was facially insufficient. From the trial court's order, it appears that the trial court thought that Mr. Balko was alleging that he was under the influence of these drugs at the time of his plea. *See Mungen v. State*, 932 So. 2d 1229, 2006 Fla. App. LEXIS 11340, 2006 WL 1879107 (Fla. 2d DCA 2006); *Rivera v. State*, 651 So. 2d 814 (Fla. 2d DCA 1995). Despite this confusion, Mr. Balko does not allege a factual basis to establish that his counsel had information requiring him to investigate this issue or that the failure to investigate this issue was prejudicial to him. Accordingly, we affirm the trial court's order.

*Balko v. State*, 934 So. 2d 662, 663-664 (Fla. 2d DCA 2006).

Balko complains in his federal petition that the trial court erred in treating his claim of ineffective assistance of trial counsel as one of failure to investigate whether Balko could have been under the influence of a medication at the time he entered his plea, rather than counsel's alleged failure to investigate whether Balko "may" have been under the influence of a drug at the time he confessed to the crimes. Balko also takes issue with the trial court's finding that the second Rule 3.850 motion was successive, without considering that the allegation in the motion was based on a claim of newly discovered evidence. Balko's argument is unavailing. On appeal from the order denying postconviction relief, the state district court of appeal correctly identified the ineffective assistance of counsel claim presented in the second motion, and also addressed Balko's allegation of newly discovered evidence. The appellate court concluded that both claims were facially insufficient to entitle Balko to postconviction relief under state law and, therefore, the trial court determination that the Rule 3.850 motion was both successive and facially insufficient was affirmed.

Accordingly, the Court orders:

That Balko's petition is denied. The Clerk is directed to enter judgment against Balko and to close this case. Balko's motion for miscellaneous relief (Doc. No. 24) is denied.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a

showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 4, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Kevin R. Balko